**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4707

JOSE MARTINES, a/k/a Hosea
Martinos,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4708

JESUS ALARCON LIZZAGARRO, a/k/a
Saul Tarra-Dominguez,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-98-92)

Submitted: February 16, 1999

Decided: June 18, 1999

Before NIEMEYER and LUTTIG, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia; R. Clarke Vandervoort, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Martines and Jesus Lizzagarro appeal from their convictions of conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, 21 U.S.C. § 846 (1994), and aiding and abetting possession with intent to distribute methamphetamine and cocaine, 18 U.S.C. § 2 (1994), 21 U.S.C.§ 841(a)(1)(1994) for which they were sentenced to 262 months and 188 months imprisonment, respectively. The Appellants contend that the district court erred in denying their motion in limine to preclude the anticipated trial testimony of three prosecution witnesses who had been promised immunity and lenient sentencing in exchange for their testimony. Finding this claim to be without merit, we affirm.

In April 1988, a federal grand jury returned a three-count indictment against the Appellants after a search of their residence revealed a large quantity of methamphetamine and cocaine. Prior to the start of their trial, the Appellants filed a motion in limine to preclude the government from introducing or relying on the testimony of three cooperating witnesses. The basis of their motion was that, pursuant to the terms of their plea agreements, the witnesses received something of value in exchange for their testimony and that, therefore, their plea agreements violated 18 U.S.C. § 201(c)(2) (1994). Following an evi-

2

dentiary hearing, the district court denied their motion, finding that (1) the government had made no promise of a substantial assistance motion to any of the three witnesses, and (2) use immunity did not constitute something of value as contemplated by§ 201(c)(2).

Section 201(c)(2) prohibits offering anything of value to a witness in exchange for testimony. Every circuit that has addressed the Appellants' argument has rejected it. See United States v. Singleton, ___ F.3d ___, 1999 WL 6469 (10th Cir. Jan. 8, 1999) (No. 97-3178) (en banc); United States v. Haese, 162 F.3d 359, 366 (5th Cir. 1998); United States v. Ware, 161 F.3d 414, 418-25 (6th Cir. 1998) (detailed discussion). Accordingly, we find that the district court did not abuse its discretion by admitting the testimony of the government's cooperating witnesses. Therefore, we affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED